Jonathan G. Gabriel, Esq., SBN 140381
David S. Mayes, Esq., SBN 207173
GABRIEL LAW GROUP, PC
P.O. Box 261697
Encino, California 91426
Telephone: (818) 578-8700
Email: gabriellawgroup@gmail.com

Attorneys for Plaintiff,
CINEMACLOUDWORKS, INC.
dba ATLAS DISTRIBUTION COMPANY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINEMACLOUDWORKS, INC., a California corporation dba ATLAS DISTRIBUTION COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>COMSCORE, Inc. a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT**<br><br>1. VIOLATION OF THE SHERMAN ACT § 1 (15 U.S.C. § 1)<br><br>2. VIOLATION OF THE CLAYTON ACT § 3 (15 U.S.C. § 14)<br><br>3. VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW (CAL. BUS. & PROF. CODE § 17200)<br><br>4. FALSE ADVERTISING UNDER THE LANHAM ACT (15 U.S.C. § 1125(a))<br><br>5. TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE<br><br>6. ESTOPPEL |

Plaintiff CINEMACLOUDWORKS, INC. dba ATLAS DISTRIBUTION COMPANY (hereinafter referred to as "Plaintiff" or "ATLAS") alleges as follows:

1. Plaintiff is corporation, duly chartered and in good standing in the State of California.

2. Defendant COMSCORE, INC. (hereinafter referred to as "COMSCORE") is a publicly traded corporation, chartered in the State of Delaware, and currently registered as a foreign entity in the State of California, with its headquarters in Reston, Virginia.

3.  Plaintiff does not know the true names of Defendants DOES 1 through 20, inclusive and, therefore, sues them by those fictitious names. Plaintiff is informed and believes, and on the basis of that information and belief alleges that each of those defendants was in some manner legally responsible for the events and happenings alleged in this Complaint and for Plaintiff's injuries and damages.

4.  Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned in this Complaint, each of the Defendants were the agents and employees of their co-defendants, and in doing the things alleged in this Complaint were acting within the course and scope of that agency and employment.

5.  This Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1337 (antitrust jurisdiction) because this action arises under the Sherman Act (15 U.S.C. § 1), Clayton Act (15 U.S.C. § 14), and Lanham Act (15 U.S.C. § 1125(a)).

6.  This Court also has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

7.  Venue is proper in this District under 28 U.S.C. § 1391 because COMSCORE conducts business in this District, and the events giving rise to this action occurred here.

8.  This action arises from COMSCORE's anticompetitive conduct, including leveraging its monopoly over USA theatrical box office data to suppress competition in the theatrical data visualization market, targeting ATLAS specifically to eliminate its CinemaCloudWorks (hereinafter "CCW") software application.

9.  ATLAS seeks injunctive relief to halt COMSCORE's unlawful and anticompetitive practices, to restore ATLAS' access to essential box office data, and to ensure fair competition in the USA theatrical film distribution industry.

**FACTUAL BACKGROUND**

10. ATLAS has developed and operates CCW, a web-based platform providing essential theatrical releasing services to itself and other theatrical motion picture distributors including data visualizations of COMSCORE's licensable data such as real time and historical box office performance of US theatrically released motion pictures.

Gabriel Law Group, PC
P.O. Box 261697
Encino, CA 91426

11.     Since 2014, ATLAS has maintained a contractual relationship with COMSCORE under a Master Services Agreement ("MSA"), which MSA permits licensed users to access and download COMSCORE's FLASH and historical box office data for their reporting and analytical purposes.

12.     COMSCORE holds a monopoly over USA theatrical box office data by tracking 99% of screens throughout the U.S. and Canada counting as its clients every major movie studio, mini-major studio and prominent independent movie distributor in the world. As the sole provider of minute-by-minute ticket sales and attendance data (known as "FLASH" box office data) from the three major U.S. theater circuits (AMC, Regal and Cinemark) and historical box office data going back decades covering previously theatrically released motion pictures including per each movie's per theater box office. COMSCORE also has a data feed it calls "Swift" that provides efficiencies within the film exhibition/distribution ecosystem by allowing theaters to report their official box office figures to distributors in a one-stop shop. Swift is a tool that will gather pertinent transactional details from exhibitors and then provide collated data to each distributor of record for their own films. The result will be a reduction in manual entry when exhibitors create their reports and when distributors receive the reports as well as a streamlined and consistent methodology for all participants. The net result is the elimination of data entry chores and access to more granular data.

**COMSCORE'S Anticompetitive Conduct**

13.     In 2020, COMSCORE denied ATLAS' request to access to COMSCORE's SWIFT electronic data portal, explicitly stating that their denial was due to CCW's competition with COMSCORE's Theatrical Distribution System ("TDS").

14.     In 2024, COMSCORE imposed a punitive +100% price increase by requiring ATLAS to sign a new MSA raising the annual subscription cost from $13,885/year to $29,000/year alleging "usage that substantially exceeded the anticipated usage" without providing any supporting evidence, after request, for its claims regarding Atlas' excessive usage.

15.     Most recently, April 17, 2025, COMSCORE terminated ATLAS' MSA without warning, citing pretextual reasons including a website graphic that had been publicly displayed on ATLAS' website since 2018. Despite ATLAS' prompt remediation, on May 5, 2025, COMSCORE

refused to restore access to COMSCORE's data unless ATLAS agreed to not use COMSCORE's data in CCW, effectively forcing ATLAS to abandon its product and use TDS instead.

16. COMSCORE has falsely represented to customers that its data cannot be used in CCW, but only used with TDS.

**Irreparable Harm to Atlas**

17. COMSCORE's actions have caused ATLAS immediate and irreparable harm, including operational disruptions, financial strain, reputational damage, and risk of breaching distribution service contracts for at least nine (9) movies in various stages of distribution.

18. Without access to COMSCORE's data, because there is no comparable data source ATLAS cannot fulfill its contractual obligations, support in-process and upcoming film releases, or sustain its business operations.

### FIRST CLAIM FOR VIOLATION OF THE SHERMAN ACT § 1 (15 U.S.C. § 1)

(Against All Defendants)

19. Plaintiff incorporates by reference each and all of the allegations contained in paragraphs 1 through 18 of this Complaint as though fully set forth at length herein.

20. COMSCORE's conduct constitutes an illegal tying arrangement by conditioning access to its monopolized theatrical box office data (tying product) on the use of its TDS application (tied product).

21. COMSCORE's actions suppress competition in the data visualization market, leveraging its monopoly to eliminate ATLAS as a competitor.

22. As a proximate result of COMSCORE's conduct as described hereinabove, ATLAS has been damaged in an amount to be proven at time of trial, and if allowed to continue, COMSCORE's conduct will irreparably harm ATLAS's business.

### SECOND CLAIM FOR VIOLATION OF THE CLAYTON ACT § 3 (15 U.S.C. § 14)

(Against All Defendants)

23. Plaintiff incorporates by reference each and all of the allegations contained in paragraphs 1 through 18 of this Complaint as though fully set forth at length herein.

24. COMSCORE's tying arrangement substantially lessens competition in the theatrical data visualization market, harming and impairing ATLAS and other competitors.

25. As a proximate result of COMSCORE's conduct as described hereinabove, ATLAS has been damaged in an amount to be proven at time of trial, and if allowed to continue, CONSCORE's conduct will irreparably harm ATLAS's business.

## THIRD CLAIM FOR VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW
## (CAL. BUS. & PROF. CODE § 17200)
### (Against All Defendants)

26. Plaintiff incorporates by reference each and all of the allegations contained in paragraphs 1 through 18 of this Complaint as though fully set forth at length herein.

27. COMSCORE's conduct, including its denial of Swift data access, punitive price increase, and prohibition on CCW's visualization of COMSCORE's data, constitutes unfair business practices under the UCL.

28. COMSCORE's actions violate the policy and spirit of antitrust laws, stifling innovation and competition.

29. As a proximate result of COMSCORE's conduct as described hereinabove, ATLAS has been damaged in an amount to be proven at time of trial, and if allowed to continue, CONSCORE's conduct will irreparably harm ATLAS's business.

## FOURTH CLAIM FOR FALSE ADVERTISING UNDER THE LANHAM ACT
## (15 U.S.C. § 1125(A))
### (Against All Defendants)

30. Plaintiff incorporates by reference each and all of the allegations contained in paragraphs 1 through 18 of this Complaint as though fully set forth at length herein.

31. COMSCORE has made false representations to potential ATLAS customers by claiming its box office data can only be used with TDS, misleading consumers and harming ATLAS' business relationships.

32. As a proximate result of COMSCORE's conduct as described hereinabove, ATLAS has been damaged in an amount to be proven at time of trial, and if allowed to continue, CONSCORE's conduct will irreparably harm ATLAS's business.

**FIFTH CLAIM FOR TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

**(Against All Defendants)**

33. Plaintiff incorporates by reference each and all of the allegations contained in paragraphs 1 through 18 of this Complaint as though fully set forth at length herein.

34. COMSCORE's false representations and tying arrangement have disrupted Atlas's business relationships with producers, distributors, and customers, causing ATLAS financial harm and reputational damage.

35. As a proximate result of COMSCORE's conduct as described hereinabove, ATLAS has been damaged in an amount to be proven at time of trial, and if allowed to continue, CONSCORE's conduct will irreparably harm ATLAS's business.

**SIXTH CLAIM FOR ESTOPPEL**

**(Against All Defendants)**

36. Plaintiff incorporates by reference each and all of the allegations contained in paragraphs 1 through 18 of this Complaint as though fully set forth at length herein.

37. COMSCORE should be estopped from prohibiting CCW's visualizations of COMSCORE's data due to its prior approvals in 2015 and 2018, which ATLAS relied upon to invest in CCW's development. In reliance on COMSCORE previously approving ATLAS' use of COMSCORE's data, ATLAS invested substantial time and financial resources in developing and implementing CCW as a fundamental part of its business operation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff CinemaCloudWorks, Inc., d/b/a Atlas Distribution Company, respectfully requests that this Court:

1. Issue a preliminary injunction and permanent injunction enjoining COMSCORE from:
   a. Prohibiting CCW's visualization of box office data;

      b. Conditioning data access on the use of TDS; and

      c. Making false representations about CCW's compatibility with COMSCORE data.

2. Restore ATLAS' access to COMSCORE's FLASH, historical box office and all other data made available through the MSA at the prior subscription rate of $12,000/year pending resolution of this litigation.

3. Provide ATLAS with the Swift digital data feed for its movies and movies on CCW.

4. Award damages to ATLAS for harm caused by COMSCORE's unlawful conduct.

5. Award attorneys' fees and costs incurred in this action.

6. Grant such other and further relief as the Court deems just and proper.

Dated: May 16, 2025                                    GABRIEL LAW GROUP, PC

                                                            /s/Jonathan Gabriel
By: Jonathan G. Gabriel, Esq.
Attorneys for Plaintiff,
CINEMACLOUDWORKS, Inc.